IN THE DISTRICT COURT OF ROGER MILLS COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| CHIEFTAIN ROYALTY COMPANY, | ) |
| | ) |
| Plaintiff, | ) No. CJ-2012-4 |
| v. | ) |
| | ) |
| LAREDO PETROLEUM, INC., | ) |
| | ) |
| Defendant. | ) |

FILED
MAY -2 2012
COURT CLERK
ROGER MILLS COUNTY
PER_____

## PETITION

COMES NOW, Plaintiff, Chieftain Royalty Company, for itself and all others similarly situated (hereinafter Plaintiff and Class members are collectively referred to as the "Class"), and for its cause of action against Defendant Laredo Petroleum, Inc. ("LAREDO"), alleges and states as follows:

### VENUE AND JURISDICTION ALLEGATIONS

1. Plaintiff is an Oklahoma corporation with its principal place of business in the State of Oklahoma.

2. LAREDO is a foreign corporation with its principal place of business in Texas. LAREDO may be served with process through its registered agent for service: The Corporation Company, 1833 South Morgan Road, Oklahoma City, Oklahoma 73128.

3. Plaintiff and the other Class members are residents of various states, including the State of Oklahoma. Their claims arose in Roger Mills County and various other counties in Oklahoma.

EXHIBIT 1

4. Plaintiff is without sufficient knowledge to quantify the amount of damages attributable to the Class exclusive of interest and costs and therefore cannot allege that such aggregate amount meets or exceeds the federal jurisdictional amount for diversity; however, the claims of the named Plaintiff are less than $75,000.00.

5. Pursuant to 12 O.S. §137 and 52 O.S. §570.14, as well as other Oklahoma Statutes, venue and jurisdiction are properly laid in the District Court of Roger Mills County, State of Oklahoma since LAREDO owns property and operates wells in this county from which some of the Class claims arise.

## CLASS ACTION ALLEGATIONS

The Allegations set forth above are incorporated herein by reference.

6. Plaintiff brings this action as the representative of a Class pursuant to 12 O.S. §2023(b)(3). The "Class" is comprised of:

> All non-excluded persons or entities who are or were royalty owners in Oklahoma wells where LAREDO PETROLEUM, INC. is or was the operator (or, as a non-operator, LAREDO PETROLEUM, INC. separately marketed gas). The Class Claims relate only to payment for gas and its constituents (helium, residue gas, natural gas liquids, nitrogen and condensate) produced from the wells. The Class does not include overriding royalty owners or other owners who derive their interest through the oil and gas lessee.

> The persons or entities excluded from the Class are: (1) agencies, departments or instrumentalities of the United States of America and the State of Oklahoma; (2) publicly traded oil and gas exploration companies and their affiliates; and (3) persons or entities that Plaintiff's counsel is, or may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional conduct.

2

7. The Class numbers more than a thousand members; the members reside in several different states; and the Class is so numerous and spread out across the United States that joinder of all members is impracticable.

8. LAREDO is or was an owner of extensive oil and gas leasehold interests within the State of Oklahoma, where LAREDO as a well operator (and as a non-operator) has marketed gas from many wells in the State of Oklahoma (the "Oklahoma Wells").

9. The averments of fact and questions of law herein are common to the Class.

10. Plaintiff is a mineral interest owner in Oklahoma Wells where LAREDO was the operator or where LAREDO, as a non-operator, separately marketed production from wells. Plaintiff's claims are typical of the Class' claims.

11. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests do not conflict with the interests of the Class. Plaintiff is represented by counsel both skilled and experienced in oil and gas accounting and complex civil litigation matters, including oil and gas class actions. Plaintiff's counsel is accustomed to handling substantial litigation matters.

12. The averments of fact and questions of law herein, which are common to the members of the Class, predominate over any questions affecting only individual members. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because:

(a)  The questions of law and fact are so uniform across the Class that there is no reason why individual Class members would want to control the prosecution of their own actions, at their own expense;

(b)  To Plaintiff's knowledge, there is no pending litigation against LAREDO that incorporates the statewide claims of improper deductions from mineral interest proceeds related to the Class wells;

(c)  The interests of all parties and the judiciary in resolving these matters in one forum without the need for a multiplicity of actions are great;

(d)  The difficulties in managing this class action will be slight in relation to the potential benefits to be achieved on behalf of each and every Class member, and not just those who can afford to bring their own actions; and,

(e)  LAREDO has fraudulently concealed its actions, which give rise to the Class members' cause of action. Many of the Class members may never discover the wrongful acts of LAREDO. Thus in the absence of a class action, LAREDO, through its concealment, may successfully be unjustly enriched to the detriment of the unknowing Class members.

## BACKGROUND FACTS AND CLAIMS

13.  Based on information and belief, LAREDO used its position as operator and as an oil and gas working interest owner to secretly underpay royalty due Plaintiff and Class members on production of gas and its constituents from the Oklahoma Wells. LAREDO accomplished this by various improper deductions and reductions from royalty

payments including, but not limited to, the following: (1) deducting direct and indirect fees for marketing, gathering, compression, dehydration, processing, treatment, and other similar services; (2) not paying royalty on wellhead gas that was used off the lease premises or in the manufacture of products; and (3) not paying royalty on condensate that dropped out of the gas stream (hereinafter referred to as "Fees"). These Fees were incurred to transform raw wellhead gas into marketable condition for sale.

14. Plaintiff has a direct lessor-lessee relationship with LAREDO in some Oklahoma wells. The remainder of the Class either has a direct lessor/lessee relationship with LAREDO or are forced pooled mineral owners or are royalty owners who, under Oklahoma law, are entitled to share in revenue from all production marketed by LAREDO. Plaintiff and those Class Members that have a direct lessor-lessee relationship with LAREDO or are forced pooled in relation to a particular Oklahoma well have a breach of contract claim against LAREDO when royalty is not paid correctly in regard to that lease and well. Those Class Members that do not have a direct lessor-lessee relationship with LAREDO have an unjust enrichment claim in law and equity.

15. The relationship between LAREDO and Plaintiff and the Class is such that they have reasonably placed trust and confidence in LAREDO to properly pay royalty.

16. LAREDO has superior access to the information relating to the claims herein.

17. LAREDO has a fiduciary or quasi-fiduciary relationship with Plaintiff and the Class when LAREDO acts as operator of a drilling and spacing unit created by orders of the Oklahoma Corporation Commission.

18. As a fiduciary or quasi-fiduciary, LAREDO is: (1) held accountable to Plaintiff and the Class, (2) held to a high degree of good faith in its dealings, and (3) not permitted to make or use of its position to realize unauthorized benefits for its own personal interests at the expense of Plaintiff and the Class. LAREDO has never repudiated its fiduciary or quasi-fiduciary duty and Plaintiff and the Class have never had any reason to know that LAREDO was not abiding by its duty.

19. LAREDO has used its position as an operator and as an oil and gas working interest owner to wrongfully deduct Fees from royalty payments due Plaintiff and the Class on the Oklahoma Wells.

20. The Fees were for services incurred to place the raw wellhead gas produced from the Oklahoma Wells into marketable condition; and/or the Fees did not enhance the value of an already marketable product; and/or the Fees were not reasonable and did not increase the royalties due Plaintiff and the Class in proportion to the Fees.

21. Based on information and belief, the Fees were deducted from the gross value of the gas and its constituents prior to production proceeds being paid to Plaintiff and the Class. Based on information and belief, the Fees and other royalty underpayments were fraudulently concealed from Plaintiff and the Class by falsely reporting the gross value and price of the gas sold on the royalty check counter-foils and

by using said counter-foils to deceive Plaintiff and the Class into believing that all royalties had been properly paid and that LAREDO was properly accounting to Plaintiff and the Class for royalty owed.

22. Based on information and belief, in violation of the implied covenant to market contained in the oil and gas leases, and in violation of its duties, LAREDO has failed to make diligent efforts to secure the best term available for the sale of gas and its constituents from the Oklahoma Wells, and Plaintiff and the Class have received reduced production proceeds from the Oklahoma Wells as a result thereof.

23. LAREDO has maintained an open account with Plaintiff and the Class members by making prior period adjustments to royalty payments, which further led Plaintiff and the Class to believe that LAREDO had, or would, make proper payment of royalty in compliance with its obligations.

24. Based on information and belief, LAREDO and other working interest owners (on behalf of whom LAREDO marketed gas and paid royalty) conspired to deprive Plaintiff and the Class of production proceeds by underpaying royalty and deceptively concealing such royalty underpayment by falsely reporting information on check counter-foils. Specifically, LAREDO, as operator, markets gas for other working interest owners and pays royalty for them with no input from the non-operators and without disclosure to Plaintiff and the Class. These sales are known as Joint Operating Agreement ("JOA") sales. When LAREDO pays royalty on JOA sales, LAREDO applies its own in-house rules to determine what royalty is due without looking at the

language of any specific leases. LAREDO then distributes the money from the royalty pot proportionately to all royalty owners without regard to the terms of their individual leases. LAREDO does not disclose to Plaintiff and the Class that it has marketed gas and then calculated and paid royalty on JOA sales. As such, LAREDO is liable on JOA sales as an undisclosed agent for and co-conspirator with the other working interest owners.

25. LAREDO is fully aware of the duties and obligations incumbent upon it. LAREDO is fully aware that it is in breach of these duties and obligations. Nevertheless, LAREDO has taken no action to cure these violations of the law.

26. The acts of LAREDO go far beyond simple breach of contract and amount to independent torts resulting in damages to Plaintiff and the Class and unjust enrichment to LAREDO.

27. The tortious breach of contract, fraud, deceit and other torts described herein served to financially benefit LAREDO through the reduction of royalty paid to Plaintiff and the Class on production marketed by LAREDO from the Oklahoma Wells.

28. Based on information and belief, LAREDO has been unjustly enriched as a result of its improper actions. LAREDO should not be allowed to retain any portion of its ill-gotten gains, or profits on those ill-gotten gains. LAREDO should be required to disgorge, and pay as additional damages, all such gains, and profits on such gains to Plaintiff and the Class.

29. The tortious acts of LAREDO were done intentionally, maliciously and with utter disregard for the rights of Plaintiff and the Class. LAREDO should be required

to pay punitive damages as punishment for its wrongdoing and as an example to deter others who might act in a similar manner.

30. To the extent that LAREDO relies on any statute of limitation as a defense, Plaintiff and the Class claims that, under the facts at issue here, the doctrine of equitable estoppel or tolling, open account, discovery rule and other defenses apply to toll the running of any statute of limitations.

## BREACH OF CONTRACT

The allegations set forth above are incorporated herein by reference. This claim is made both cumulatively and in the alternative to each of the other claims made.

31. As discussed above, in certain Oklahoma wells, Plaintiff and other Class Members have a direct contractual relationship with LAREDO by virtue of their direct lessor-lessee relationship.

32. LAREDO has breached the implied covenant to market contained in each oil and gas lease and has otherwise breached its duties to properly pay royalty.

33. Plaintiff and the Class have been damaged.

34. Additionally, Plaintiff's and the Class' claims are based on an open account beginning with the initial royalty payments and still continuing on each Oklahoma Well.

35. LAREDO has been unjustly enriched as a result of its improper underpayment of royalty.

## TORTIOUS BREACH OF CONTRACT

The allegations set forth above are incorporated herein by reference. This claim is made both cumulatively and in the alternative to each of the other claims made.

36. As discussed above, in certain Oklahoma wells, Plaintiff and other Class Members have a direct contractual relationship with LAREDO by virtue of their direct lessor-lessee relationship. The relationship of oil and gas lessor-lessee is a special relationship under Oklahoma law.

37. LAREDO's actions amount to much more than a simple breach of contract.

38. LAREDO is guilty of tortious breach of the implied covenant to market contained in the oil and gas leases by failing to properly and honestly pay royalty due resulting in damages to Plaintiff and the Class.

39. LAREDO should pay, in addition to actual damages, punitive damages as a method of punishing LAREDO and setting an example for others.

## UNJUST ENRICHMENT

The allegations set forth above are incorporated herein by reference. Plaintiff and the Class assert a claim for unjust enrichment in the alternative and as a supplement to each of their other claims.

40. Plaintiff and the Class have been damaged and LAREDO has been unjustly enriched as a result of its improper underpayment of royalty.

41. In certain Oklahoma wells, Plaintiff and other Class Members do not have a direct contractual relationship with LAREDO.

42. For Plaintiff and those Class Members in such wells, there is no adequate remedy at law available to recover damages from LAREDO's improper underpayment of royalty.

43. Plaintiff and the Class claim that LAREDO has been unjustly enriched to the extent LAREDO benefitted from the use of money that rightfully should have been paid as royalty to Plaintiff and the Class.

**BREACH OF FIDUCIARY OR QUASI-FIDUCIARY DUTY**

The allegations set forth above are incorporated herein by reference. This claim is made both cumulatively and in the alternative to each of the other claims made.

44. LAREDO, as the operator of Oklahoma Wells subject to orders of the Oklahoma Corporation Commission which pool royalty, owed a fiduciary or quasi-fiduciary duty to Plaintiff and the Class to properly pay royalty.

45. LAREDO has never repudiated its fiduciary or quasi-fiduciary duty to the Class. In fact, LAREDO's actions have reinforced the existence of such a duty since it totally controlled royalty payments and Plaintiff and the Class were forced to put faith and trust in LAREDO. LAREDO knew very well that Plaintiff and the Class had no option but to trust LAREDO to account for and pay royalty properly.

46. Plaintiff and the Class have been damaged and LAREDO has been unjustly enriched.

47. LAREDO should pay, in addition to actual damages, punitive damages as a method of punishing LAREDO and setting an example for others.

11

## FRAUD (ACTUAL AND CONSTRUCTIVE) AND DECEIT

The allegations set forth above are incorporated herein by reference. This claim is made both cumulatively and in the alternative to each of the other claims made.

48.  LAREDO secretly and knowingly underpaid royalties on Oklahoma Wells without the knowledge of Plaintiff and the Class.

49.  LAREDO sent false and misleading statements monthly to Plaintiff and the other Class members on check counter-foils with the intent to have Plaintiff and the Class rely on those false statements. LAREDO knew that Plaintiff and the Class had no choice but to rely on the false statements of LAREDO. Under such circumstances, reliance of the Class is presumed in law and in fact.

50.  Plaintiff and the Class have been damaged and LAREDO has been unjustly enriched.

51.  LAREDO should pay, in addition to actual damages, punitive damages as a method of punishing LAREDO and setting an example for others.

## CONSPIRACY

The allegations set forth above are incorporated herein by reference. This claim is made both cumulatively and in the alternative to each of the other claims made.

52.  Other persons have joined with and aided LAREDO in underpaying royalty due Plaintiff and the Class. These persons are the working interest owners in LAREDO operated wells on behalf of whom LAREDO marketed gas and paid royalty (sometimes called "JOA sales") as described herein.

53. In LAREDO operated wells, LAREDO acts as an undisclosed agent for other working interest owners (non-operators) in the Oklahoma wells when marketing gas produced from the wells and paying royalty. LAREDO has not disclosed these facts to Plaintiff and the Class.

54. Plaintiff and the Class have been damaged. LAREDO and its co-conspirators have been unjustly enriched. Under Oklahoma law, the Class may recover all of its damages from one or more of the co-conspirators.

55. LAREDO (and its co-conspirators) should pay, in addition to actual damages, punitive damages as a method of punishing them and setting an example for others.

## ACCOUNTING

The allegations set forth above are incorporated herein by reference.

56. LAREDO has a duty to timely disclose to Plaintiff and the Class the full and true value of the production from the Oklahoma Wells. LAREDO has breached that duty.

57. LAREDO has: (1) failed to account to Plaintiff and the Class for their proper royalty share of production from the Oklahoma Wells; (2) failed to fully account for the full value of the production from the Oklahoma Wells; and (3) failed to fully account for all deductions and reductions from the value of the production. Plaintiff and the Class request an order of this Court requiring LAREDO to provide a full and complete accounting for all production proceeds and deductions or reductions from the

date LAREDO acquired its working interest until the date of trial in the matter on each Oklahoma Well.

**WHEREFORE,** Plaintiff and the Class seek: (1) judgment for damages as alleged herein against LAREDO comprised of: (a) an accounting; (b) damages based on all of the claims made herein; (c) punitive damages; (d) interest; (e) attorney's fees; (f) expert and litigation costs; (g) court costs; and (h) such other relief as Plaintiff and the Class may be entitled to by law or in equity.

**JURY TRIAL DEMANDED**
**ATTORNEY'S LIEN CLAIMED**

_____
Bradley E. Beckworth, OBA #19982
Michael Angelovich
Texas Bar No. 00785666
Jeffrey J. Angelovich, OBA #19981
Neil Smith
Texas Bar No. 00797450
Brad E. Seidel
Texas Bar No. 24008008
Susan Whatley
Texas Bar No. 24047420
Lisa Baldwin
Texas Bar No. 24069334

Nix Patterson & Roach, LLP
205 Linda Drive
Daingerfield, TX 75638
(903) 645-7333
(903) 645-4415 (facsimile)

**ATTORNEYS FOR PLAINTIFF**