IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

Chieftain Royalty Company, on Behalf )
of Itself and All Others Similarly )
Situated, )
 )
    *Plaintiff*, )
 )
v. ) Case No. CIV-12-1319-D
 )
Laredo Petroleum, Inc., )
 )
    *Defendant.* )

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, CERTIFYING THE CLASS FOR SETTLEMENT PURPOSES,
APPROVING FORM AND MANNER OF NOTICE,
AND SETTING DATE FOR FINAL FAIRNESS HEARING**

Before the Court is Plaintiff's Motion to Certify the Settlement Class for Settlement Purposes, Preliminarily Approve Class Action Settlement, Approve Form and Manner of Notice and Set Date for Approval Hearing ("Motion for Preliminary Approval") [Doc. No. 38]. This is a class action lawsuit brought by Plaintiff, Chieftain Royalty Company ("Plaintiff"), on behalf of itself and as representative of a Class of royalty owners (defined below), against Laredo Petroleum, Inc. ("Laredo")[1] for the

---

[1] Laredo is the only Defendant named in the Litigation. Pursuant to a Purchase and Sale Agreement dated May 20, 2013, made effective April 1, 2013, EnerVest Energy Institutional Fund XII-WIB, L.P., EnerVest Energy Institutional Fund XII-WIC, L.P., EnerVest Energy Institutional Fund XII-A.L.P., EnerVest Energy Institutional Fund XIII-A, L.P., EnerVest Energy Institutional Fund XIII-WIB, L.P., and EnerVest Energy Institutional Fund XIII-WIC, L.P. acquired from Laredo all of the oil and gas leases and related properties at issue in the Litigation. Those entities together with EnerVest Operating, L.L.C. are referred to collectively as "EnerVest". EnerVest subsequently conveyed to FourPoint certain interests in those same assets acquired from Laredo. While Laredo is a released party and a named beneficiary of all the protections, safeguards and other benefits provided under the

1

alleged underpayment of gas royalties. Plaintiff and the Settling Parties have reached an agreement to settle this Action for a total cash payment of $6,651,997.95 (the "Settlement"). On November 20, 2014, the Settling Parties executed a Stipulation and Agreement of Settlement (the "Settlement Agreement"), finalizing the terms of the Settlement.[2] The Settlement Agreement, together with the exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the claims alleged in Plaintiff's Petition (the "Petition"). In accordance with the Settlement Agreement, Plaintiff and the Settling Parties now present the Settlement to the Court for preliminary approval under Federal Rule of Civil Procedure 23.

After reviewing the pleadings and Plaintiff's Motion for Preliminary Approval and Memorandum of Law in Support thereof, the Court has preliminarily considered the Settlement to determine, among other things, whether the Settlement warrants the issuance of notice to the Class. Upon reviewing the Settlement under the terms of the Settlement Agreement and the Motion for Preliminary Approval, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement unless otherwise defined herein.

---

Settlement Agreement, Laredo is not a signatory to the Settlement Agreement as certain EnerVest entities and FourPoint have succeeded to all liabilities arising under the Class' claims. Additionally, the Settlement Amount is based upon a time period of oil and gas production and payments that includes certain months after EnerVest entities and FourPoint acquired the properties formerly owned by Laredo. Thus, EnerVest entities and FourPoint are the only entities funding the Settlement Amount. EnerVest and FourPoint are referred to collectively herein as the "Settling Parties."

[2] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Settlement Agreement.

2. The Court finds the Class should be certified for the purposes of this Settlement, as the Class meets all certification requirements of Federal Rule of Civil Procedure 23 for a settlement class. The Class is certified for settlement purposes only. Because this case has been settled at this stage of the proceedings, the Court does not reach, and makes no ruling either way, as to the issue of whether the Class certified by agreement for settlement purposes could have been certified in this case for litigation purposes.

The certified Class is defined as follows:

All non-excluded persons or entities who are or were royalty owners in Oklahoma wells where Laredo Petroleum, Inc. ("Laredo") is or was the operator (or, as a non-operator, Laredo, EnerVest Operating, L.L.C. and/or FourPoint Energy, LLC separately marketed gas from wells in which Laredo is a predecessor owner with regard to working interest rights owned by affiliates of EnerVest and/or by FourPoint). The Class Claims relate only to payment for gas and any of its constituents (e.g., helium, residue gas, natural gas liquids, nitrogen and condensate) produced from the wells. The Class does not include overriding royalty owners or other owners who derive their interest through the oil and gas lessee.

The persons or entities excluded from the Class are: (1) agencies, departments or instrumentalities of the United States of America and the State of Oklahoma; (2) publicly traded oil and gas exploration companies and their affiliates; (3) persons or entities that Plaintiff's counsel is, or may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct; and (4) officers of the Court.

3. The Court finds the above-defined Class satisfies all prerequisites of Federal Rule of Civil Procedure 23(a) for purposes of the proposed class settlement as set forth herein and for the reasons identified in Plaintiff's Motion for Preliminary Approval:

 a. <u>Numerosity</u>. Plaintiff has demonstrated "[t]he class is so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1).

The Tenth Circuit has not adopted a set number as presumptively sufficient to meet this burden, and there is "no set formula to determine if the class is so numerous that it should be so certified." *Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006). Whether a class satisfies the numerosity requirement is "a fact-specific inquiry" that district courts have "wide latitude" when determining. *In re Cox Enters., Inc.*, No. 12-ML-2048-C, 2014 U.S. Dist. LEXIS 2459, *13 (W.D. Okla. Jan. 9, 2014) (quoting *Trevizo*, 455 F.3d at 1162). Here, the Class consists of thousands of royalty owners. Therefore, the Court finds the numerosity prerequisite is undoubtedly met.

      b.    <u>Commonality</u>. Plaintiff has also demonstrated "[t]here are questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2).

      c.    <u>Typicality</u>. Plaintiff has also shown "[t]he claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3).

      d.    <u>Adequacy</u>. Plaintiff and Plaintiff's Counsel have demonstrated "[t]he representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4).

In addition, because the Court finds Plaintiff, Chieftain Royalty Company, and Plaintiff's Counsel (Nix, Patterson & Roach, LLP and Barnes & Lewis, LLP) to be adequate representatives of the Class, the Court hereby appoints Plaintiff as Class Representative and Plaintiff's Counsel as Class Counsel.

4. The Court also finds the requirements of Federal Rule of Civil Procedure 23(b)(3) are met as set forth herein and for the reasons identified in Plaintiff's Motion for Preliminary Approval:

    a. <u>Predominance</u>. Class Representative has shown "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." FED. R. CIV. P. 23(b)(3).

    b. <u>Superiority</u>. Class Representative has also established "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. Civ. P. 23(b)(3).

In sum, the Court finds all prerequisites and requirements of Federal Rule of Civil Procedure 23(a)-(b) are satisfied, and the Class is hereby certified for the purposes of this Settlement only.

5. The Court preliminarily finds (i) the proposed Settlement resulted from extensive arm's-length negotiations; (ii) the proposed Settlement was agreed to only after Class Counsel had conducted legal research and discovery regarding the strengths and weakness of Class Representative and the Class' claims; (iii) Class Representative and Class Counsel have concluded that the proposed Settlement is fair, reasonable, and adequate; and (iv) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Class.

6. Having considered the essential terms of the Settlement under the recognized standards for preliminary approval as set forth in the relevant jurisprudence, the Court preliminarily approves the Settlement, subject to the right of any member of the

Class to challenge the fairness, reasonableness, and adequacy of the Settlement, Settlement Agreement, or proposed Plan of Allocation, and to show cause, if any exists, why a Final Judgment dismissing the Action based on the Settlement Agreement should not be ordered after adequate notice to the Class has been given in conformity with this Order. As such, the Court finds that those Class Members whose claims would be settled, compromised, dismissed, and/or released pursuant to the Settlement should be given notice and an opportunity to be heard regarding final approval of the Settlement and other matters.

7. The Court further preliminarily approves the form and content of the proposed Notice and the proposed Summary Notice, which are attached to the Settlement Agreement as Exhibits 4 and 5, respectively, and finds the Notice and Summary Notice are the best notice practicable under the circumstances, constitute due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfy the requirements of applicable laws, including due process and Federal Rule of Civil Procedure 23. The Court finds the form and content of the Notice and Summary Notice fairly and adequately: (i) describe the terms and effect of the Settlement; (ii) notify the Class that Class Counsel will seek attorneys' fees, reimbursement of Litigation Expenses, and a Case Contribution Award for Class Representative's services; (iii) notify the Class of the time and place of the Final Fairness Hearing; (iv) describe the procedure for requesting exclusion from the Settlement; and (v) describe the procedure for objecting to the Settlement or any part thereof.

8. The Court also preliminarily approves the proposed manner of communicating the Notice and Summary Notice to the Class, as set out below, and finds that it is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of applicable laws, including due process and Federal Rule of Civil Procedure 23:

    a. As soon as reasonably practicable following entry and within sixty (60) days of entry of this Order, the Settling Parties and/or the Settlement Administrator shall initiate dissemination of the Notice by sending via first-class mail a copy of the Notice to the last known mailing address of each Class Member who can be identified with reasonable effort. It is reasonable for the Settling Parties to rely on standard electronic pay deck data that has been used by them and other well operators for standard monthly royalty payments. For its own operated wells, the Settling Parties are directed to use the most current reasonably available electronic pay deck data for notice purposes. For wells operated by other entities, the Settling Parties or the Settlement Administrator will directly send Notice to the royalty owners in those wells to the extent that the Settling Parties are able to gather the names and addresses of those royalty owners from the operators of such wells in time to send the Notice in a timely manner. It is not practical or economically practical for the Settling Parties to do more to determine the names and addresses of Class Members.

b. On or before the tenth (10th) business day after the mailing of the Notice begins, the Settling Parties or the Settlement Administrator also shall publish (or cause to be published) the Summary Notice one time in each of the following newspapers: (1) *The Oklahoman*, a paper of general circulation in Oklahoma, (2) *Tulsa World*, a paper of general circulation in Oklahoma, and (3) *Cheyenne Star*, a paper of local circulation in Roger Mills County.

c. Within sixty (60) days of the date of this Order, the Settlement Administrator will also post (or cause to be posted) the Notice and Summary Notice on a pre-existing website dedicated to this Litigation, www.chieftain-laredo.com, along with other documents related to the Settlement and associated exhibits.

d. All costs of administering, disseminating, and communicating the Notice and Summary Notice to the Class shall be paid by the Settling Parties in accordance with the Settlement Agreement, subject to any right to reimbursement for such costs as set forth in the Settlement Agreement.

9. Class Counsel is authorized to act on behalf of the Class with respect to all acts required by, or which may be given pursuant to, the Settlement Agreement, or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Settlement Agreement.

10. The Court appoints Rust Consulting, Inc., as Settlement Administrator to receive and process any Requests for Exclusion or inquiries submitted by Class Members and such other matters as the Settling Parties may call upon the Settlement Administrator

rather than other personnel to perform in connection with the proposed settlement and, if the Settlement is finally approved by the Court, to supervise and administer the Settlement in accordance with the Settlement Agreement and the Court's Plan of Allocation Order(s) authorizing distribution of the Net Settlement Fund to Class Members. The Settling Parties and their counsel shall not be liable for any act or omission of the Settlement Administrator.

11. The Court appoints Wells Fargo, N.A., as the Escrow Agent. The Escrow Agent is authorized and directed to act in accordance with the Escrow Agreement to be entered into by the Settling Parties. The Settling Parties and their counsel shall not be liable for any act or omission of the Escrow Agent or investment loss for the funds placed in Escrow.

12. Pursuant to Federal Rule of Civil Procedure 23(e), a Final Fairness Hearing shall be held on April 30, 2015 at 1:30 p.m. in the United States District Court for the Western District of Oklahoma, the Honorable Timothy D. DeGiusti presiding, to:

    a. determine whether the Settlement should be approved by the Court as fair, reasonable, and adequate and in the best interests of the Class;

    b. determine whether the notice method utilized by the Settling Parties: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement, and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate,

and sufficient notice to all persons and entities entitled to such notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

c. determine whether a Final Judgment should be entered pursuant to the Settlement Agreement, *inter alia*, dismissing the Litigation against Laredo with prejudice and extinguishing, releasing, and barring all Released Claims against all Released Parties in accordance with the Settlement Agreement;

d. determine the proper method of allocation and distribution of the Net Settlement Fund among Class Members;

e. determine whether the applications for attorneys' fees, reimbursement for Litigation Expenses, and a Case Contribution Award to Class Representative are fair and reasonable and should be approved; and

f. rule on such other matters as the Court may deem appropriate.

13. The Court reserves the right to adjourn, continue, and reconvene the Final Fairness Hearing, or any aspect thereof, including the consideration for the application of attorneys' fees and reimbursement of Litigation Expenses, without further notice to the Class.

14. The Court reserves the right to continue the Final Fairness Hearing to a later date than the date provided for in the formal notices to the Class, and to approve the Settlement at or after the Final Fairness Hearing without further notice to the Settlement Class.

15. Class Members wishing to exclude themselves from the Settlement Class pursuant to Federal Rule of Civil Procedure 23(e)(4) must submit to the Settlement Administrator a valid and timely Request for Exclusion. Requests for Exclusion must include: (i) the Class Member's name, address, telephone number, and notarized signature; (ii) a statement that the Class Member wishes to be excluded from the Class in *Chieftain Royalty Company v. Laredo Petroleum, Inc.*, Case No. CIV-12-1319-D; and (iii) a description of the Class Member's interest in any Class Well(s), including the name, Laredo and/or the Settling Parties' well number, and legal location of such Class Well(s). Requests for Exclusion must be mailed to and received into the hands of the Settlement Administrator no later than 5 p.m. CDT on April 9, 2015 at:

> *Chieftain Royalty Co. v. Laredo Petroleum, Inc.* Settlement
> c/o Rust Consulting, Inc., Settlement Administrator
> P. O. Box 2211, Faribault, MN 55021-1611

Requests for Exclusion may not be submitted through the website or by phone, facsimile, or email. Any Class Member that has not timely and properly requested exclusion from the Class shall be included in the Settlement and shall be bound by the terms of the Settlement Agreement in the event it is finally approved by the Court.

16. Copies of all Requests for Exclusion, including supporting documentation submitted therewith, if any, that are submitted to and received by the Settlement Administrator shall be delivered to Class Counsel and Laredo and Settling Parties' Counsel within one (1) business day of receipt.

17. Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, any term of the Settlement, the Plan of Allocation, the proposed request for attorneys' fees and Litigation Expenses, or the proposed request for a Case Contribution Award to Class Representative may file an objection. An objector must file with the Court and serve upon Class Counsel and Laredo and Settling Parties' Counsel a written objection containing the following: (i) a heading referring to *Chieftain Royalty Company v. Laredo Petroleum, Inc.*, Case No. CIV-12-1319-D, and to the United States District Court for the Western District of Oklahoma; (ii) a statement as to whether the objector intends to appear at the Final Fairness Hearing, either in person or through counsel, and, if through counsel, counsel must be identified by name, address and telephone number; (iii) a detailed statement of the specific legal and factual basis for each and every objection; (iv) a list of any witnesses the objector may call at the Final Fairness Hearing, together with a brief summary of each witness's expected testimony; (v) a list of and copies of any exhibits the objector may use at the Final Fairness Hearing; (vi) a list of any legal authority the objector may present at the Final Fairness Hearing; (vii) the objector's current address, telephone number, and signature executed before a Notary Public; and (viii) identification of the objector's interest in Class Wells by identifying each such Class Well by well name, Laredo or Settling Parties' well number, and legal location. Such written objections must be filed with and received by the Court and served into the hands of Class Counsel and Laredo and Settling Parties' Counsel no later 5 p.m. CDT on April 9, 2015 at:

**The Court:**

Clerk of the Court
United States District Court for the Western District of Oklahoma
200 NW 4th Street
Oklahoma City, Oklahoma 73102

| **Class Counsel:** | **Laredo/Settling Parties' Counsel:** |
|---|---|
| Robert Barnes<br>Patranell Lewis<br><br>BARNES & LEWIS, LLP<br>720 NW 50th Street, Suite 200B<br>Oklahoma City, OK 73118<br><br>*-and-*<br><br>Bradley E. Beckworth, Esq.<br>Jeffrey J. Angelovich, Esq.<br>NIX, PATTERSON & ROACH, LLP<br>205 Linda Drive<br>Daingerfield, TX 75638 | Mark D. Christiansen<br>MCAFEE & TAFT<br>a Professional Corporation<br>10th Floor, Two Leadership Square<br>211 N. Robinson Avenue<br>Oklahoma City, OK 73102-7103 |

Any Class Member who does not timely file and serve a written objection shall be foreclosed from raising any such objection to the Settlement, and any untimely objection shall be barred absent an Order from the Court. Class Counsel and/or Laredo and the Settling Parties' Counsel may file any reply or response to any objections no later than 5:00 p.m. CDT on April 23, 2015. The procedures set forth in this paragraph do not supplant, but are in addition to, any procedures required by the Federal Rules of Civil Procedure.

18. Any objector who timely files and serves a valid written objection in accordance with the above paragraph may also appear at the Final Fairness Hearing,

either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to present any objection at the Final Fairness Hearing must comply with the Local Rules of this Court and must include, along with their written objection described in the above paragraph, a Notice of Intention to Appear at Final Fairness Hearing, which, in accordance with the Settlement Agreement and Notice, shall affirmatively state such intention to appear and present and shall include the Class Member's name, address, telephone number, and signature.

19. Class Counsel and Laredo and the Settling Parties' Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

20. No later than 5:00 p.m. CDT on March 26, 2015, Class Representative and Class Counsel shall file any requests for approval of attorneys' fees, reimbursement of Litigation Expenses, and a Case Contribution Award. Any objections to Class Representative's and Class Counsel's requests for approval of attorneys' fees, reimbursement of Litigation Expenses, and a Case Contribution Award shall be filed no later than 5:00 p.m. CDT on April 9, 2015 as more fully set forth in paragraph 17, above.

21. If the Settlement is not approved by the Court, is terminated in accordance with the terms of the Settlement Agreement, or otherwise does not become Final and Non-Appealable for any reason whatsoever, the Settlement, Settlement Agreement, and any actions taken or to be taken in connection therewith (including this Order and any Judgment entered herein), shall be terminated and become void and of no further force and effect, except that any obligations or provisions relating to the reimbursement of attorney's fees and other costs, the payment of costs and expenses incurred in connection

with notice and administration, and any other obligation or provision that is expressly designated in the Settlement Agreement to survive termination of the Settlement, shall survive termination of the Settlement Agreement and Settlement.

22. All proceedings in the Litigation, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. Pending final approval of the Settlement, Class Representative and all Class Members are barred, enjoined, and restrained from commencing, prosecuting, continuing, or asserting in any forum, either directly or indirectly, on their own behalf or on the behalf of any other person or class, any Released Claim against Laredo or the Settling Parties.

23. The Settlement Agreement, whether or not consummated, the negotiations thereof, and any related communications made, proceedings taken, or orders entered pursuant thereto, are not admissible as evidence for any purpose against Class Representative, the Class, Laredo or the Settling Parties in any pending or future litigation involving the parties. This Order shall not be construed or used as an admission, concession, or declaration by or against Laredo or the Settling Parties of any fault, wrongdoing, breach, or liability, and Laredo and the Settling Parties specifically deny any such fault, wrongdoing, breach, or liability. This Order shall not be construed or used as an admission, concession, or declaration by or against Class Representative or the Class that their claims lack merit or that the relief requested in the Litigation is inappropriate, improper, or unavailable. This Order shall not be construed or used as an admission, concession, declaration, or waiver by any party of any arguments, defenses, or claims he,

she, or it may have in the event the Settlement is terminated. Moreover, the Settlement and any proceedings taken pursuant to the Settlement are for settlement purposes only. Neither the fact of, nor any provision contained in the Settlement Agreement or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received into evidence as, or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

24. The Court hereby retains jurisdiction over this Litigation to consider all further matters arising out of or connected with the Settlement reflected in the Settlement Agreement, including enforcement of the releases provided for in the Settlement Agreement. The Court also hereby retains jurisdiction over this Litigation to administer all other matters related to the enforcement of the Settlement Agreement and Settlement and the orders of the Court related thereto.

25. The Court may, for good cause shown, extend any of the deadlines set forth in this Order without further written notice.

IT IS SO ORDERED this 29th day of December, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE