# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Chieftain Royalty Company, on behalf of itself and all others similarly situated, | ) ) ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) ) | Case No. CIV-12-1319-D |
| Laredo Petroleum, Inc., | ) ) ) | |
| *Defendant*. | ) ) | |

## ORDER AWARDING ATTORNEYS' FEES, LITIGATION EXPENSES AND CASE CONTRIBUTION AWARD

Before the Court is Class Representative's Motion for Approval of Attorneys' Fees, Reimbursement of Litigation Expenses and Case Contribution Award (DKT 45) (the "Motion") and Memorandum of Law in Support Thereof (DKT 46) (the "Memorandum"), wherein Class Counsel seeks an award of attorneys' fees constituting forty percent (40%) of the $6,651,997.95 Settlement Amount, plus interest, reimbursement of litigation expenses not to exceed $350,000, plus interest, and a Case Contribution Award to Class Representative of 1% of the Settlement Amount to be paid out of the Gross Settlement Fund. The Court has considered the Motion and Memorandum, all matters submitted in connection therewith and the proceedings on the Final Approval Hearing conducted on April 30, 2015. The Court finds the Motion should be granted.

IT IS THEREFORE ORDERED as follows:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement (DKT 39-1) (the "Stipulation") dated November 20, 2014 and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court, for purposes of this Order, incorporates herein its findings of fact and conclusions of law from its Order Granting Final Approval of Class Action Settlement as if fully set forth.

3. The Court has jurisdiction to enter this Order and over the subject matter of the Litigation and all parties to the Litigation, including all Settlement Class Members.

4. Notice of Class Counsel's request for an award of attorneys' fees and Litigation Expenses and Class Representative's request for a Case Contribution Award was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the request for an award of attorneys' fees, reimbursement of litigation expenses and Case Contribution Award is hereby determined to have been the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

5. The Notice stated that Class Counsel would seek an award of attorneys' fees in an amount not to exceed forty percent (40%) of the Gross Settlement Amount and the reimbursement of Litigation Expenses in an amount

not to exceed $350,000. The Notice further stated Class Representative would seek a Case Contribution Award of 1% of the Settlement Amount. In their Motion and Memorandum, Class Representative and Class Counsel requested attorneys' fees of forty percent (40%), requested reimbursement of any expenses actually incurred in the future not to exceed $350,000, and requested a Case Contribution Award of 1% of the Settlement Amount.

6. Class Counsel and Class Representative provided the Court with abundant evidence in support of their request for attorneys' fees, Litigation Expenses and Case Contribution Award, including: (1) the Motion and Memorandum; (2) the Declaration of Layn R. Phillips (DKT 42); (3) the Declaration of Bradley E. Beckworth and Robert N. Barnes on Behalf of Class Counsel (DKT 44-1), and all exhibits thereto, including the Declaration of Robert Abernathy on Behalf of Class Representative, Chieftain Royalty Company (DKT 44-2); and (4) the Declaration of Michael Burrage (DKT 46-1). This evidence was submitted to the Court well before the objection and opt-out deadline, and none of the evidence was objected to or otherwise refuted by any Settlement Class Member. Class Counsel also submitted additional information in support of its request for attorneys' fees and litigation expenses at the Final Approval Hearing.

7. Class Counsel is hereby awarded $160,859.39 in reimbursement of Litigation Expenses, plus interest earned on this amount at the same rate as the Gross Settlement Fund. The Court concludes Class Counsel's expenses to date were necessary and reasonable to litigate and resolve the Litigation. Class Counsel

3

submitted an expense chart and made further representations at the Final Approval Hearing demonstrating that all expenses were reasonable and were actually incurred in the prosecution of this Litigation on behalf of the Settlement Class. Further, to the extent Class Counsel incurs reasonable and necessary expenses above this amount, but not exceeding the noticed total amount of $350,000 throughout the remainder of the Litigation, they are entitled to reimbursement for such additional expenses upon 14 days' written notice to the Court.

8. Class Counsel is hereby awarded attorneys' fees in the amount of forty percent (40%) of the Gross Settlement Fund, plus accrued interest. The Court finds the foregoing award of fees and expenses is fair and reasonable and shall be paid to Class Counsel from the Gross Settlement Fund in accordance with the terms of the Stipulation. The distribution of attorneys' fees among Class Counsel shall be within Class Counsel's sole discretion.

9. In making this award of attorneys' fees and reimbursement of litigation expenses to be paid from the Gross Settlement Fund, the Court makes the following findings of fact and conclusions of law in addition to those set forth above:

(a) The Settlement has created a fund of $6,651,997.95 in cash. Settlement Class Members will benefit from the Settlement that occurred because of the efforts of Class Counsel;

(b) The fee sought by Class Counsel was negotiated by and has been endorsed as fair and reasonable by Class Representative, Chieftain

Royalty Company, who, through its President, Robert Abernathy, was actively involved in the prosecution and resolution of the Litigation;

(c) Copies of the Notice were mailed to over 5,200 Settlement Class Members and expressly stated that Class Counsel would apply for attorneys' fees in an amount not to exceed forty percent (40%) of the Settlement Fund and reimbursement of Litigation Expenses incurred by Class Counsel in connection with the prosecution and resolution of the Litigation in an amount not to exceed $350,000, plus interest. There were no objections to the requested award of attorneys' fees and expenses;

(d) Class Counsel has conducted the Litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(e) The Litigation involved complex factual and legal issues and was actively prosecuted for almost three years;

(f) Had Class Counsel not achieved the Settlement, there would remain a significant risk that Class Representative and the other members of the Settlement Class may have recovered less or nothing from the Settling Parties;

(g) Class Counsel devoted substantial time and resources to achieve the Settlement;

(h) In the Tenth Circuit, the preferred approach for determining attorneys' fees in common fund cases is the percentage of the fund method. *See CompSource Okla. v. BNY Mellon, N.A.*, No. CIV-08-469-KEW, 2012

U.S. Dist. LEXIS 185061, at *22-23 (E.D. Okla. Oct. 25, 2012); *Gottlieb v. Barry*, 43 F.3d 474, 483 (10th Cir. 1994) ("In our circuit . . . *Uselton* implies a preference for the percentage of the fund method.") *citing Uselton v. Commercial Lovelace Motor Freight*, 9 F.3d 849 (10th Cir. 1993). Under the percentage of the fund method, an appropriate fee is equal to a reasonable percentage of the common fund. *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454 (10th Cir. 1988);

(i) Under this approach, the trial court evaluates the reasonableness of the requested percentage by analyzing the applicable factors contained in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Brown*, 838 F.2d 451. The *Johnson* factors include: the time and labor required, the novelty and difficulty of the question presented by the case, the skill requisite to perform the legal service properly, the preclusion of other employment by the attorneys due to acceptance of the case, the customary fee, whether the fee is fixed or contingent, any time limitations imposed by the client or the circumstances, the amount involved and the results obtained, the experience, reputation and ability of the attorneys, the undesirability of the case, the nature and length of the professional relationship with the client, and awards in similar cases. *Gottlieb*, 43 F.3d at 483 n.4 (citing *Johnson*, 488 F.2d at 717-19);

(j) Although the Court must assess the reasonableness of the fee under the *Johnson* factors, rarely will all of the *Johnson* factors be

applicable in a common fund case. *Uselton*, 9 F.2d at 854 (quoting *Brown*, 838 F.2d at 456);

(k) As set forth in the Memorandum, most, if not all, of the *Johnson* factors support Class Counsel's fee request here;

(l) An award of forty percent (40%) of the settlement value is well within the range of acceptable fee awards in common fund cases. *See, e.g.*, *Chieftain Royalty Co.*, No. CIV-11-212-R, Dkt. No. 182 at *6 (W.D. Okla. May 31, 2013) (awarding a fee of $46.5 million, which represented approximately 39% of the cash portion of a $155 million settlement); *CompSource*, 2012 U.S. Dist. LEXIS 185061, at *23 ("25% is on the low end of the range of acceptable fee awards in common fund cases, which ranges between 22% and 37%, and more in some cases"); *Vaszlavik v. Storage Tech. Corp.*, No. 95-B-2525, 2000 U.S. Dist. LEXIS 21140, at *9 (D. Colo. Mar. 9, 2000) ("A 30% common fund fee award is in the middle of the ordinary 20%-50% range and is presumptively reasonable."); *Cimarron Pipeline Constr., Inc. v. Nat'l Council on Compensation Ins.*, Nos. CIV 89-822-T & CIV-1186-T, 1993 U.S. Dist. LEXIS 19969, at *4 (W.D. Okla. June 8, 1993) ("Fees in the range of 30-40% of any amount recovered are common in complex and other cases taken on a contingent fee basis.");

(m) Class Counsel's request of forty percent (40%) of the $6,651,997.95 Settlement Amount is within the acceptable range of

attorneys' fees approved by Oklahoma courts as being fair and reasonable in contingent fee class action litigation such as this. *See* Declaration of Layn R. Phillips at ¶13; Declaration of Michael Burrage at ¶3;

(n) The market rate for Class Counsel's legal services also informs the determination of a reasonable percentage to be awarded from the common fund as attorneys' fees. *Millsap v. McDonnel Douglas Corp.*, No. 94-CV-633-H(M), 2003 U.S. Dist. LEXIS 26223, at *26 (N.D. Okla. May 28, 2003);

(o) Class Representative negotiated at arm's-length and agreed to a forty percent (40%) contingency fee at the outset of this litigation, reflecting the value Class Representative placed on the future success of this Litigation. Additionally, Class Representative continues to endorse the forty percent (40%) Fee Request as fair and reasonable;

(p) Judge Layn R. Phillips, who mediated the Settlement and is familiar with the strengths and weaknesses of the Parties' claims, stated his opinion that Class Counsel's request for a forty percent (40%) fee is fair and reasonable under the specific facts and circumstances of this case. *See* Declaration of Layn R. Phillips at ¶13; and

(q) Judge Burrage endorses a 40% fee. *See* Declaration of Michael Burrage at ¶3.

10. Finally, Class Representative is hereby awarded a Case Contribution Award of one percent (1%) of the $6,651,997.95 Settlement Amount. In making

this Case Contribution Award to be paid from the Settlement Fund, the Court makes the following findings of fact and conclusions of law:

    (a)    The Notice stated that Class Representative would move for a Case Contribution Award of one percent (1%) of the Settlement Amount as compensation for its time and effort in the Litigation. Class Representative filed its Motion for Approval of Attorneys' Fees, Litigation Expenses and Case Contribution Award fourteen (14) days prior to the deadline for Settlement Class Members to object. No objections were filed in opposition to Class Representative's Request for a Case Contribution Award;

    (b)    Case contribution awards are meant to "compensate class representatives for their work on behalf of the class, which has benefited from their representation." *In re Marsh ERISA Litig.,* 265 F.R.D. 128, 150 (S.D.N.Y. 2010).

    (c)    The Court finds Chieftain Royalty Company is entitled to a Case Contribution Award. Chieftain Royalty Company—through its President, Robert Abernathy—has been actively involved in this Litigation since its inception. Mr. Abernathy has contributed by reviewing draft pleadings and motions, searching for and producing records, reviewing filings, communicating regularly with Class Counsel, attending a formal mediation session, continuously monitoring the litigation and settlement process, and approving the terms of the Settlement. Mr. Abernathy's efforts helped lead to a settlement that greatly benefits the Class, and Chieftain

Royalty Company should be rewarded for those efforts. The Court concludes a Case Contribution Award is reasonable and should be awarded to Chieftain Royalty Company;

(d) Class Representative is hereby awarded a total of one percent (1%) of the Settlement Amount, which the Court finds to be fair and reasonable. The foregoing award shall be paid to Class Representative from the Settlement Fund, and such payment shall be made at the time and in the manner provided in the Stipulation, with interest from the date the Settlement Fund was funded to the date of payment at the same net rate that interest is earned by the Settlement Fund.

11. Any appeal or any challenge affecting this Order Awarding Attorneys' Fees, Litigation Expenses, and Case Contribution Award shall in no way disturb or affect the finality of the Final Approval Order, the Stipulation or the Settlement contained therein.

12. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

13. There is no reason for delay in the entry of this Order and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 13th day of May, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE