# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

Chieftain Royalty Company, on behalf )
of itself and all others similarly situated, )
                                  )
      *Plaintiff*,                   )
                                  )
v.                                          )     Case No. CIV-12-1319-D
                                  )
Laredo Petroleum, Inc.,           )
                                  )
      *Defendant*.            )
_____)

## PLAN OF ALLOCATION ORDER

Having held a Final Fairness Hearing in this Action on April 30, 2015, in which the Court fulfilled its duties to consider objections and independently evaluate the fairness, reasonableness, and adequacy of the Settlement, and having thereafter finally approved the Settlement, the Court now enters this Plan of Allocation Order to instruct the Parties and the Settlement Administrator on the manner in which the Net Settlement Fund shall be allocated and distributed to Class Members. The Court finds, orders, and adjudges that the methodology set forth below is fair, reasonable, and adequate and in the best interest of the Class. The Court specifically agrees to and approves the presumption that Class Members will be assumed to be those persons in the royalty pay decks that were used and obtained by and for the Settlement Administrator, which were generally the pay decks in effect no earlier than May 2014 (unless the well ceased producing at an earlier date) during the Claim Period for each Class Well, after first excluding persons who have opted out of the Class or are excluded under the terms of the class definition.

Accordingly, the Court hereby orders that, once this order becomes final and unappealable, the Parties and Settlement Administrator are to promptly carry out the terms of this Order and distribute the Net Settlement Fund as follows:

Unless expressly stated otherwise, the capitalized terms herein shall have the same meanings ascribed to them in the Stipulation and Agreement of Settlement ("Stipulation") entered into between the Parties on November 20, 2014, and which is hereby incorporated by reference as if fully set forth herein.

1. The Settlement Administrator shall administer the Settlement under Class Counsel's supervision in accordance with this Plan of Allocation Order, the Stipulation, and subject to the jurisdiction of the Court. The Settling Parties' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms. The Net Settlement Fund shall be distributed to Class Members according to this Order. The Court reserves the right to modify this Plan of Allocation Order upon application of any Party hereto, without further notice to any Class Members who have not entered an appearance herein. The allocation of the Net Settlement Fund among Class Members is a matter separate and apart from the proposed Settlement between the Parties, and any decision by the Court concerning allocation and distribution of the Net Settlement Fund among Class Members shall not affect the validity or Finality of the Settlement. Class Representative may not terminate the Stipulation or the Settlement based on the method of allocation and distribution of the Net Settlement Fund to Class Members set forth in this Order or any modification thereof.

2. In furtherance of the allocation and distribution hereby ordered, the Settling

Parties shall reasonably cooperate by providing all data and other information reasonably available to the Settling Parties from records to which the Settling Parties have access or can reasonably and timely obtain through requests to others; provided, however, the Settling Parties shall not be required to take legal action against any third party to obtain the requested information.

3. At such time as the Final Approval Order becomes final and no longer being subject to appeal (or as otherwise provided herein), Class Representative, Class Counsel and the Settling Parties will, as promptly as reasonably possible, obtain the Court's approval of a list of the names, addresses and tax identification numbers of Class Members who have not opted-out and to whom Distribution Checks are to be mailed, along with the amounts of the Distribution Check for each such Class Member. Such list of names may be provided in stages, with the initial stage being for currently producing wells operated by the Settling Parties and subsequent stages being for other wells. To the extent distributions may be made to the current operator of any well not currently operated by the Settling Parties, for further distribution by the current operator, but the Parties have not through reasonable diligence been able to obtain a list of the Class Members in that well, the list may show that the distribution amount for the entire well will be paid to that current operator and the amount to be paid to the current operator for distribution by it. To the extent any of the foregoing information is unknown for any wells or Class Members, despite reasonable commercial efforts to obtain it, the list may show that such information is unknown. The names, addresses and amounts to be paid will be determined as described herein.

4. Class Counsel has allocated the Net Settlement Fund (the portion of the Settlement fund remaining after deduction of fees and expenses allowed by the Court) among the individual Class Wells proportionately, with due regard for the production marketed by Laredo and/or the Settling Parties on behalf of themselves and/or other well owners, the amount of claimed royalty underpayment to Class Members in each such well, the date when the claimed underpayment occurred, and the well's Claim Period. The preliminary allocation percentages of the Net Settlement Fund among Class Wells as determined by Class Counsel is shown on Exhibit 1 to this Order and is approved by this Court. It is understood that Exhibit 1 will be updated when all opt-outs and excluded owners are known and identified. Thereafter, Class Representative, Class Counsel and the Settling Parties, with the aid of the Settlement Administrator, will allocate the Net Settlement Fund for each Class Well proportionately among all Class Members who hold royalty interests in the well based on their respective royalty decimal interest in such well using the May 2014 royalty pay deck (or the most current available royalty pay deck). For clarification purposes, the reference to a specific month's royalty pay deck means the royalty ownership determined in good faith by the well operator to apply to oil and gas production proceeds for that particular month. On wells operated by the Settling Parties that are currently producing, the Settlement Administrator, with the aid of the Settling Parties, will pay settlement proceeds proportionately to royalty owners who are Class Members and have not opted out based upon the May 2014 royalty pay deck (or the most current available royalty pay deck) for each well. On non-operated wells with current production, the Settlement Administrator, with the aid of the Settling Parties, will either

pay to the operator the settlement funds attributable to that non-operated Class Well for further distribution to the Class Member royalty owners who have not opted out or make those payments directly based on the May 2014 royalty pay deck (or such other data identifying royalty owners and their interest that can be obtained by commercially reasonable methods). The Settlement Administrator or any Party may seek, but is not so required, to have the Court require such current operators distribute such funds to those current royalty owners who are Class Members, and neither Party will object to such a request. In the event current operators are required to make distributions on the Class Wells they operate, then the Settling Parties and the Settlement Administrator will provide assistance to the operators as reasonably required. However, it is recognized that, on non-operated wells, it is the well operator (not the Settling Parties) who has direct access to royalty owner pay decks. All such distributions will be subject to review and approval by Class Counsel, which shall not be unreasonably withheld, and the Court. In the case of wells without current production, the Settling Parties will make reasonable commercial efforts to determine Class Member royalty owners (along with decimal interest, tax identification numbers and last known address) by contacting last known well operators, consulting its own records and/or conducting such other searches as may be reasonably necessary. If such information can be reasonably gathered, then the Settlement Administrator, with the aid of the Settling Parties, will make distribution to them. However, if the information needed to make distribution cannot reasonably be obtained through such efforts, the portion of the Net Settlement Fund attributable to such Class Well will remain in the Escrow Account as part of the unclaimed amount, and may

be used for reimbursement of the Settling Parties' out-of-pocket costs as described in the Stipulation.

5. Returned or stale-dated Distribution Checks shall be reissued as necessary to ensure delivery to the appropriate Class Members by the Settlement Administrator, with the reasonable assistance of the Settling Parties, using commercially reasonable methods subject to review and approval by Class Counsel, not to be unreasonably withheld, and the Court. To the extent Class Members cannot be located, after all commercially reasonable efforts have been expended, the portion of the Net Settlement Proceeds attributable to them will remain in the Escrow Account for at least one year from the date that the Final Approval Order becomes final. Thereafter, such remaining funds will be considered to be residual unclaimed funds which may be used to reimburse the Settling Parties for out-of-pocket costs incurred for Administration Notice and Distribution upon Court approval or be paid pursuant to the provisions of paragraph 6.14 of the Stipulation.

6. Included with each Distribution Check shall be an enclosure that includes the following or substantially similar notice:

> TO: Class Member or Designated Royalty Distributor: The enclosed check represents a share of the net settlement proceeds in the Class *Chieftain Royalty Company v. Laredo Petroleum, Inc.*, Case No. CIV-12-1319-D in the United States District Court for the Western District of Oklahoma. You are receiving this notice and check because: (l) you have been identified as a Class Member in this action, or (2) you are the designated royalty distributor pursuant to the Production Revenue Standards Act of a well you operate in which Laredo Petroleum, Inc. ("Laredo"), or a predecessor or assignor of Laredo, currently and/or in prior periods, marketed its own gas. If you are not legally entitled to the proceeds identified on the check apron, the Court has entered an Order that requires you to pay these proceeds to

persons legally entitled thereto or return this check uncashed to the remitter of it. If you are a designated royalty distributor, you are required to pay these proceeds to the current royalty owners in each of the wells identified on the check detail, and a copy of this notice should be included with the payment to each of the royalty owners.

The distribution described above to Class Members is based on the assumption that very few sales of royalty interests have occurred. It has also been assumed that where sales did occur, it was the intent of the parties that the buyer was entitled to receive payment for past claims. Finally, it has been assumed that where royalty interests passed through inheritance, devise or interfamily transfers, that it was the intent that the heir, or devisee or transferee also was entitled to receive payment for past claims. To the extent that these assumptions are not correct in relation to particular transfers of interest, the Court has ordered that the Class Member who receives payment shall in turn make payment to the proper party or return this check uncashed to the remitter of it.

The person to whom this check was originally made payable, and anyone to whom the check has been assigned by that person, has accepted this payment pursuant to the terms of the Settlement Agreement, Notice of Settlement, and Judgment related thereto, which releases, *inter alia,* Laredo and its past and present parents, affiliates, directors, officers, employees, attorneys, agents, consultants, servants, stockholders, representatives, subsidiaries, predecessor entities, and affiliated successor entities (but not entities to which Laredo assigned interests in Class Wells as to any claims occurring or arising after the Claim Period(s) for any well(s) sold to any such entity) from any and all Released Claims as defined in the Settlement Agreement. Pursuant to the Order of the Court, it is the duty of the payee of the check to ensure that the funds are paid to the Class Member(s) entitled to the funds, and the release by Class Member(s) entitled to the funds shall be effective regardless of whether such Class Member(s) receive some, all, or none of the proceeds paid to a payee of a settlement check.

This check shall be null and void if not endorsed and negotiated within ninety (90) days of its date. The release of claims provided in the settlement shall be effective regardless of whether this check is cashed.

7. Subject to paragraphs 1.1, 6.12 and 6.13 of the Stipulation, to the extent that any part of the Net Settlement Fund becomes subject to the escheat statutes of various states, the Settlement Administrator will make payment to the appropriate governmental

body upon Court approval. The Settlement Administrator, with the aid of the Settling Parties as called for herein, will make a diligent effort to make the first distributions within ninety (90) days of the Settlement becoming final and complete the distributions within 270 days to Class Members representing at least ninety-five percent (95%) of the Net Settlement Fund. The remainder of the Net Settlement Fund will be distributed within one year of the Settlement becoming Final. Any portion of the Net Settlement Fund remaining in the Escrow Account thereafter will be considered to be residual or unclaimed funds.

8. Distributions will only be made based on an order of the Court, approved by Class Counsel. It is contemplated that distributions will be made in a series of waves so that payments to readily identifiable royalty owners are not unduly delayed.

9. The Settling Parties, the Settling Parties' Counsel, the Settling Parties' experts, Class Counsel, Class Representative, and Class Representative's experts shall have no liability to any Class Member for non-payment, mis-payment, over-payment, and/or under-payment.

10. If any Class Member has been paid any portion of the Net Settlement Proceeds for any period of time for which that Class Member was not entitled to receive that payment, and some other person or entity who owned or claims to have owned the minerals during that time asserts a claim against any Released Party for payment of all or a portion of the settlement proceeds, or asserts a claim for an alleged underpayment of the royalty share or mineral owner's share of such production that is based on what is defined herein as a Released Claim, then the Class Member who received an amount in excess of

his share shall be liable for the payment of the amount he was overpaid to the person who is determined to have been properly owed that amount, and that Class Member shall indemnify any Released Party, Class Counsel and other members of the Class, or any Party to this Settlement Agreement against whom a claim is made, but only to the extent of any overpayment received by the indemnifying Class Member, interest thereon, and reasonably attorneys' fees and costs.

11. Upon completion of the distribution (including any necessary supplemental distributions) to the Class Members to the extent called for hereunder, and upon compliance with the Court's order(s) in furtherance of this Settlement, the Settling Parties, the Settling Parties' Counsel and the Settlement Administrator will have satisfied all obligations relating to the payment and distribution of the Net Settlement Fund. Subject to paragraph 1.1 of the Stipulation concerning reimbursement of Notice and Administration Costs, the Settling Parties or the Settlement Administrator, will then turn administration of any remaining monies in the Escrow Account over to Class Counsel for further administration and handling pursuant to paragraph 6.14 of the Stipulation.

12. Any residual funds remaining in the Escrow Account after distribution has otherwise been completed, and the Settling Parties have been reimbursed for out-of pocket Administration, Notice, and Distribution Costs, as provided for elsewhere herein, and for which further distribution is not economically viable, shall be disposed of in such manner as may be approved by the Court after hearing the views and suggestions of the Plaintiff and the Settling Parties. Under no circumstance shall any such residual funds revert to the Settling Parties.

13. The Court shall retain jurisdiction to determine any issues relating to the payment and distribution of the Net Settlement Fund, and any claims relating thereto shall be determined by the Court alone, and shall be limited to a determination of the claimant's entitlement to any portion of the Net Settlement Fund, and no consequential, punitive or other damages shall be awarded in any proceeding regarding any such determination.

14. The Mutual Release, Dismissal, and Covenant Not to Sue shall be effective as provided in the Stipulation, regardless of whether or not particular members of the Class did or did not receive payment from the Net Settlement Fund and regardless of whether any member of the Class who was obligated pursuant to the Final Approval Order to pay some or all of the distributed funds to another Class Member in fact made such payment to such other Class Member. The failure of a Class Member to make payment to another Class Member pursuant to the payment obligations of the Final Approval Order shall not be a defense to enforcement of the Release of the Released Claims against the Released Parties or the Covenant Not to Sue, as to any Class Member.

15. Neither the Settling Parties, the Settling Parties' Counsel, Class Counsel, Class Representatives, nor the Class shall have any liability for loss of any portion of the Gross or Net Settlement Fund under any circumstances, except in the case of willful and intentional malfeasance of a dishonest nature directly causing such loss.

IT IS SO ORDERED this 13th day of May 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

**APPROVED AS TO FORM**

CLASS COUNSEL:

*/s/ Robert N. Barnes*
Robert N. Barnes, OBA No. 537
Patranell Britten Lewis, OBA No. 12279
BARNES & LEWIS, LLP
720 N.W. 50th Street
Suite 200B
Oklahoma City, Oklahoma 73118
(405) 843-0363 telephone
(405) 843-0790 facsimile

Bradley E. Beckworth, OBA No. 19982
Jeffrey Angelovich, OBA No. 19981
Susan Whatley, OBA No. 30960
Lisa Baldwin
Nix, Patterson & Roach, LLP
205 Linda Drive
Daingerfield, TX 75638
(903) 645-7333 telephone
(903) 645-4415 facsimile