## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

Chieftain Royalty Company, on behalf )
of itself and all others similarly situated, )
                                )
       *Plaintiff,*           )
                                )
v.                              )     Case No. CIV-12-1319-D
                                )
Laredo Petroleum, Inc.,         )
                                )
       *Defendant.*         )
_____ )

## ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF: (1) CLASS ACTION SETTLEMENT; (2) FORM AND MANNER OF NOTICE; AND (3) PLAN OF ALLOCATION

This is a class action lawsuit (this "Action") brought by Class Representative,

Chieftain Royalty Company ("Class Representative"), on behalf of itself and as

representative of a Class of royalty owners (defined below), against Defendant, Laredo

Petroleum, Inc. ("Laredo"),[1] for the alleged underpayment of gas royalties. On or about

---

[1] Laredo is the only Defendant named in the Litigation. Pursuant to a Purchase and Sale Agreement dated May 20, 2013, made effective April 1, 2013, EnerVest Energy Institutional Fund XII-WIB, L.P., EnerVest Energy Institutional Fund XII-WIC, L.P., EnerVest Energy Institutional Fund XII-A, L.P., EnerVest Energy Institutional Fund XIII-A, L.P., EnerVest Energy Institutional Fund XIII-WIB, L.P., EnerVest Energy Institutional Fund XIII-WIC, L.P. acquired from Laredo all of the oil and gas leases and related properties at issue in the Action. Those entities together with EnerVest Operating, L.L.C. are referred to collectively as "EnerVest." Four of the entities comprising EnerVest subsequently conveyed to FourPoint certain interests in those same assets acquired from Laredo. While Laredo is a released party and a named beneficiary of all the protections, safeguards and other benefits provided under the Settlement Agreement, Laredo is not a signatory to the Settlement Agreement as certain EnerVest entities and FourPoint have succeeded to all liabilities arising under the Class' claims. Additionally, the Settlement Amount is based upon a time period of oil and gas production and payments that includes certain months after EnerVest and FourPoint acquired the properties formerly owned by Laredo. Thus, EnerVest and FourPoint

May 11, 2014, Class Representative and the Settling Parties reached a preliminary agreement to settle this Action for a total cash payment of $6,651,997.95 (the "Settlement"). On November 20, 2014—after extensive negotiations regarding the specific terms of the Settlement[2] —the Parties executed a Stipulation and Agreement of Settlement (the "Stipulation"), finalizing the terms of the Settlement.

On December 29, 2014, the Court preliminarily approved the Settlement and issued an Order Granting Preliminary Approval of Class Action Settlement, Certifying the Class For Settlement Purposes, Approving Form and Manner of Notice, and Setting Date for Final Fairness Hearing (the "Preliminary Approval Order"). Docket No. 40. In the Preliminary Approval Order the Court, *inter alia*:

    a.     certified the Class' claims for settlement purposes only; finding all requirements of Federal Rule of Civil Procedure 23 have been satisfied;

    b.     preliminarily found (i) the proposed Settlement resulted from extensive arm's-length negotiations; (ii) the proposed Settlement was agreed to only after Class Counsel had conducted legal research and discovery regarding the strengths and weaknesses of Class Representative and the Class' claims; (iii) Class Representative and Class Counsel have concluded that the proposed Settlement is

---

are the only entities funding the Settlement Amount. EnerVest and FourPoint are referred to collectively herein as the "Settling Parties."

[2] All capitalized terms not otherwise defined herein shall have the meaning given to them in the November 20, 2014 Stipulation and Agreement of Settlement, a copy of which is attached as Exhibit 1 to Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Certify the Settlement Class for Settlement Purposes, Preliminarily Approve Class Action Settlement, Approve Form and Manner of Notice and Set Date for Final Approval Hearing, Docket No. 39.

fair, reasonable, and adequate; and (iv) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Class;

c.     preliminarily approved the Settlement as fair, adequate, and reasonable and in the best interest of the Class;

d.     preliminarily approved the form and manner of the proposed Notice, including the publication Notice, to be disseminated to the Class, finding specifically that such Notice (i) described the terms and effect of the Settlement; (ii) notified the Class that Class Counsel will seek attorneys' fees, reimbursement of Litigation Expenses, and a Case Contribution Award for Class Representative's services; (iii) notified the Class of the time and place of the Final Fairness Hearing; (iv) described the procedure for requesting exclusion from the Settlement; and (v) described the procedure for objecting to the Settlement or any part thereof.

e.     instructed the Parties to disseminate the approved Notice to the Class in accordance with the Stipulation and in the manner approved by the Court, with all costs of administering such Notice to be borne by the Settling Parties;

f.     appointed Rust Consulting, Inc. as Settlement Administrator;

g.     appointed Wells Fargo Bank, National Association, as Escrow Agent;

h.     set the date and time for the Final Fairness Hearing as April 30, 2015 at 1:30 P.M. in the United States District Court for the Western District of Oklahoma; and

i.      set out the procedures and deadlines by which Class Members could properly request exclusion from the Class or object to the Settlement or any part thereof.

After the Court issued the Preliminary Approval Order, due and adequate Notice of the Settlement was given to the Class, notifying them of the Settlement and the upcoming Final Fairness Hearing.  On April 30, 2015, in accordance with the Preliminary Approval Order and the Notice sent to the Class, the Court conducted a Final Fairness Hearing to, inter alia:

a.      determine whether the Settlement should be approved by the Court as fair, reasonable, and adequate and in the best interests of the Class;

b.      determine whether the notice method utilized by the Settling Parties: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated under the circumstances to apprise members of the Class of the pendency of the litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement, and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

c.        determine whether to approve the Plan of Allocation and distribution of the Net Settlement Fund to Class Members;[3]

d.        determine whether a Final Judgment should be entered pursuant to the Stipulation, *inter alia*, dismissing the Action against Laredo with prejudice and extinguishing, releasing, and barring all Released Claims against all Released Parties in accordance with the Stipulation;

e.        determine whether the applications for attorneys' fees, reimbursement for Litigation Expenses, and Case Contribution Award to Class Representative are fair and reasonable and should be approved;[4] and

f.        rule on such other matters as the Court deems appropriate.

The Court, having reviewed the Stipulation and all related pleadings and filings, and having heard the evidence and argument presented at the Final Fairness Hearing, now **FINDS, ORDERS, and ADJUDGES as follows**:

1.        The Court, for purposes of this Order and Judgment (the "Final Approval Order"), adopts all defined terms as set forth in the Stipulation and incorporates them as if fully set forth herein.

---

[3] The Court will issue a separate order (Plan of Allocation Order) pertaining to the allocation of the Net Settlement Proceeds among Class Members and the distribution thereof to Class Members.

[4] The Court will issue a separate Order pertaining to Class Counsel's request for attorneys' fees and reimbursement of Litigation Expenses and Class Representative's request for a Case Contribution Award.

2. The Court has jurisdiction over the subject matter of this Action and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and members of the Class.

3. The Class is defined as:

All non-excluded persons or entities who are or were royalty owners in Oklahoma wells where Laredo Petroleum, Inc. ("Laredo") is or was the operator (or, as a non-operator, Laredo, EnerVest Operating, L.L.C. and/or FourPoint Energy, LLC separately marketed gas from wells in which Laredo is a predecessor owner with regard to working interest rights owned by affiliates of EnerVest and/or by FourPoint). The Class Claims relate only to payment for gas and any of its constituents (e.g., helium, residue gas, natural gas liquids, nitrogen and condensate) produced from the wells. The Class does not include overriding royalty owners or other owners who derive their interest through the oil and gas lessee.

The persons or entities excluded from the Settlement Class are: (1) agencies, departments or instrumentalities of the United States of America and the State of Oklahoma; (2) publicly traded oil and gas exploration companies and their affiliates; (3) persons or entities that Plaintiff's counsel is, or may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct; and (4) officers of the Court.

The Court finds that the Class has been properly certified for purposes of this Settlement. The Court finds that, in addition to the persons and entities excluded pursuant to categories (1)-(4) in the above Class definition, the persons and entities identified in Exhibit A have filed timely and valid Requests for Exclusion and are hereby excluded from the forgoing Class definition, will not participate in or be bound by the Settlement, or any part thereof, as set forth in the Stipulation, and will not be bound by or subject to the Releases provided for in this Final Approval Order.

4. As used in this Final Approval Order, the following terms shall have the following meanings:

a.     "**Released Claims**" include all claims associated with the marketing of, and the calculation, reporting and payment of royalty on, gas and its constituents (including, but not limited to, helium, residue gas, natural gas liquids, nitrogen and condensate) during the Claim Period for each Class Well.   The Released Claims and allegations specifically include all claims that a Class Member could make with regard to the following allegations:  (1) that Laredo and the Settling Parties underpaid royalty as a result of direct or indirect deductions from (or factoring such costs into) royalty associated with marketing, gathering, transporting, compressing, dehydrating, treating, blending, processing, including plant and compressor fuel, and similar services with respect to gas and its constituents; (2) that Laredo and the Settling Parties improperly paid royalty based on proceeds received from sale of the gas and gas constituents under "percentage of proceeds" ("POP"), "percentage of index" ("POI"), or similar contracts; (3) that Laredo and the Settling Parties underpaid royalty by not paying royalty on gas used in operations, gas used for gas plants, and gas used in the manufacture of products ("fuel gas"); (4) that Laredo and the Settling Parties failed to pay or underpaid royalty on drip gas, condensate or other substances that separated from the gas stream in the gathering system, gas plant or other facilities; (5) that Laredo and the Settling Parties underpaid royalty by not paying royalty on the full value (before deduction of any costs) of residue gas, natural gas liquids or other products that were part of the gas stream; (6) that Laredo and the Settling Parties misled Class Members in monthly royalty payments as to, among other things, the amount

and nature of deductions from royalty on gas and gas constituents; (7) that Laredo and the Settling Parties violated their alleged fiduciary duties to the Class Members; (8) that Laredo and the Settling Parties failed to provide all of the information  required by the Oklahoma Production Revenue Standards Act (PRSA) on monthly check stubs, and otherwise failed to comply with the PRSA; (9) that Laredo and the Settling Parties failed to make diligent efforts to secure the best terms available for the sale of gas and its constituents; (10) that Laredo and the Settling Parties failed to account to Class Members for the full value of the production, including all deductions and reductions from the value of production; and (11) that as a result of Laredo's and the Settling Parties' actions, Laredo and the Settling Parties are liable to Class Members for breach of contract, tortious breach of contract, breach of fiduciary or quasi-fiduciary duty, actual fraud, constructive fraud, deceit, conversion, conspiracy, unjust enrichment/disgorgement, accounting, punitive damages, statutory interest and penalties under the PRSA or otherwise, and fees (attorney fees, expert fees and other litigation costs) under the PRSA.  The Released Claims also include all other legal theories sounding in tort, contract or otherwise that, based on the facts alleged in the Petition, could have been asserted against Laredo and/or the Settling Parties as to the Class Wells and as to the period of time covered by the Claim Period(s), except to the extent described in the next paragraph.

The Released Claims do not include any allegations of underpayment or other claims with respect to royalty paid by third party operators (*i.e.*, operators

other than Laredo and any of the Settling Parties) who marketed gas, and computed and distributed royalties, on behalf of Laredo and/or any of the Settling Parties. The Plaintiff and members of the Settlement Class agree that Laredo and the Settling Parties have no liability for any such claims. The Released Claims do not include any claims associated with production that occurs after May 31, 2014. The Released Claims also specifically do not include: (a) royalty payment adjustments made or to be made in the ordinary course of business (b) claims that Laredo or the Settling Parties are obligated to make routine prior period adjustments for clerical or administrative errors concerning prices actually received, volumes actually sold or produced, or decimal interest designations of the type that historically have been addressed by Laredo or the Settling Parties by way of prior-period adjustments, but only to the extent that Laredo or the Settling Parties in fact received, or hereafter receive, a retroactive price, volume or value adjustment; (c) claims to money held in suspense by Laredo or the Settling Parties as of the release date; (d) claims that Laredo or the Settling Parties failed to comply with obligations to protect the Class Members from drainage; (e) and/or claims that Laredo or the Settling Parties breached obligations to the Class Members to develop Oklahoma oil and gas leases. "**Class Claims**" shall have the same meaning as "**Released Claims**."

b. "**Released Parties**" means Laredo, the Settling Parties, and all past and present parents, affiliates, directors, officers, employees, attorneys, agents, consultants, servants, stockholders, members, representatives, subsidiaries,

predecessor entities of, and affiliated successor entities to Laredo and/or any of the Settling Parties. Released Parties shall also include the assignor of any Class Wells for which Laredo or the Settling Parties have assumed the assignor's liability for any alleged royalty underpayment, but only as to Class Claims with respect to such assigned Class Wells during the Claim Period. Other working interest owners in Class Wells also constitute Released Parties, but only to the extent Laredo or any of the Settling Parties marketed gas and its constituents and paid royalty on behalf of such other working interest owners during the Claim Period(s). No claims are released against other working interest owners to the extent of any gas they separately marketed from Class Wells. No claims are released as to gas marketed for Laredo or the Settling Parties by third-party operators not affiliated with Laredo or the Settling Parties; however, the Settlement Class and all Class Members covenant not to sue the Released Parties for any alleged royalty underpayment with respect to such gas and its constituents marketed by others during the Claim Period for any Class Well. The Settlement Class does not release Laredo's or the Settling Parties' assignees in Class Wells for any claims occurring or arising after the Claim Period(s) for any well(s) so assigned to any assignee. Released Parties do not include any entity to whom Laredo or the Settling Parties have sold any of the Class Wells (and associated Class Leases and Class Force Pooled Royalty Interests) as to any claims occurring or arising after the Claim Period(s) for any Class Well(s) sold to any such entity.

5.     At the Final Fairness Hearing on April 30, 2015, the Court fulfilled its duties to independently evaluate the fairness, reasonableness, and adequacy of, *inter alia*, the Settlement, the Notice provided to the Class, and the proposed Plan of Allocation, considering not only the pleadings and arguments of the Parties and their Counsel, but also the concerns of any objectors and the interests of all absent Class Members.  In so doing, the Court considered arguments that could reasonably be made against, *inter alia*, approving the Settlement, Plan of Allocation and the Notice, even if such argument was not actually presented to the Court by pleading or oral argument.

6.     The Court further finds that due and proper notice of the Settlement was given to the Class in conformity with the Stipulation and Preliminary Approval Order. The form, content, and method of communicating the Notice disseminated to the Class and published pursuant to the Stipulation and the Preliminary Approval Order: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated, under the circumstances, to apprise members of the Class of the pendency of the litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement, and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, the Due Process protections of the State of Oklahoma, and any other applicable law.

7.     In addition, the Court finds that the Settling Parties performed at least the following actions in furtherance of disseminating Notice to the Class:

a.     After the Court preliminarily approved the Settlement and the form and manner of notice, Class Counsel, in conjunction with Counsel for Laredo and the Settling Parties, conducted an extensive campaign to distribute notice to the Class.  This campaign was necessary due to the number of Class Members in Class Wells operated by third-party energy companies.

b.     Of the 147 Class Wells in this case, approximately 61% of the wells are or were operated by Laredo or the Settling Parties and 39% are or were operated by nine (9) third-party energy companies.  In order to obtain current Class Member information from the operators in these third-party operated wells, Class Counsel, in conjunction with landmen, staff members, and Laredo's and the Settling Parties' Counsel, contacted and negotiated with every third-party operator.

c.     These efforts required a team of lawyers, landmen, and support staff.  Over the course of approximately three weeks, this team, working under Class Counsel's supervision, spent many hours working on this project.  The Parties went to great lengths to obtain updated and accurate information relating to these Class Wells operated by third parties.  Some of the Class Wells had been plugged and, through extensive effort, Counsel obtained the last available pay deck for those Wells to the extent such decks were reasonably available.  Also, Class Wells were frequently sold to other operators, sometimes during the Claim Period.  Thus,

the current operator of these wells had to be identified through various means and research. On many occasions, it was necessary to contact operators more than once as they failed to provide all of the data needed with only the initial contact.

d. Very few operators produced the Class Member data in the requested format of a searchable Microsoft Excel spreadsheet. Therefore, persons under Class Counsel's supervision spent weeks converting the data into a useable format for the Settlement Administrator to send out timely and proper Notice to Class Members. This same data will be used later to distribute the Net Settlement Fund to Class Members according to the Plan of Allocation.

e. The long-form notice ("Notice") was mailed on February 25, 2015.[5] Through this effort, Class Counsel was able to mail Notices to Class Members whose claims represent approximately 99.5% of the Net Settlement Fund.

f. To ensure that as close to 100% of the Class as possible received notice, additional notice was published on March 5, 2015 in the *Cheyenne Star*[6] and on March 6, 2015 in the *Tulsa World* and in the *Oklahoman*.

8. In accordance with the above, the Court approves the form, manner and content of the Notice used by the Parties. The Court further finds that all members of the

---

[5] Although the original Notice contained an inadvertent error regarding the deadline for Class Members to exclude themselves from the Class or to object to any part of the Settlement, the Settlement Administrator timely issued a corrective postcard providing the proper Court-ordered deadline of April 9, 2015.

[6] *The notice published in the Cheyenne Star* on March 5, 2015 contained the aforementioned error regarding the deadline for Class Members to exclude themselves from the Class or to object to any part of the Settlement. A corrective notice was published in the *Cheyenne Star* on March 26, 2015.

Class have been afforded a reasonable opportunity to opt out of and/or object to the Settlement.

9. Pursuant to and in accordance with Federal Rule of Civil Procedure 23, the Settlement, including, without limitation, the Settlement Amount, the releases, and the dismissal with prejudice of the Released Claims against the Released Parties as set forth in the Stipulation, is finally approved as fair, reasonable and adequate and in the best interests of the Class. The Settlement was entered into between the Parties at arm's length and in good faith after substantial negotiations and formal mediation free of collusion. The Settlement fairly reflects the complexity of the Claims, the duration of the litigation, the extent of discovery, and the balance between the benefits the Settlement provides to the Class and the risk, cost, and uncertainty associated with further litigation and trial. The Parties are hereby authorized and directed to comply with and to consummate the Settlement in accordance with the Stipulation, and the Clerk of this Court is directed to enter and docket this Final Approval Order in the Action.

10. By agreeing to settle the Litigation, neither Laredo nor the Settling Parties admit, and they instead specifically deny, that the Litigation could have otherwise been properly maintained as a class action, and specifically deny any and all liability to the Class, Class Representative and Class Counsel.

11. The Court finds that on February 11, 2015, the Settling Parties caused notice of the Settlement to be served on the appropriate state official for each state (and Guam) in which a Class Member resides, and the appropriate federal official, as required by and in conformance with the form and content requirements of 28 U.S.C. § 1715. In

connection therewith, the Court has determined that, under 28 U.S.C. 28 § 1715, the appropriate state official for each state in which a Class Member resides was and is the State Attorney General for each such state, and the appropriate federal official was and is the Attorney General of the United States. Further, the Court finds it was not feasible for the Settling Parties to include on each such notice the names of each of the Class Members who reside in each state and the estimated proportionate share of each such Class Members to the entire Settlement as provided in 28 U.S.C. § 1715(b)(7)(A); therefore, each notice included a reasonable estimate of the number of Class Members residing in each state and the estimated proportionate share of such Class Members. As shown in the Declarations filed in this case on April 29, 2015 (Doc. 49) and May 7, 2015 (Doc. 51), certain delays occurred in the receipt of the above notice by the Office of the Attorney General for the District of Columbia. However, based upon the facts presented in those Declarations, including the report that the Office of the Attorney General for the District of Columbia does not request any additional time to review and consider the notice of this proposed class settlement, the Court finds that the requirements of the above-cited act have been satisfied as to the Attorney General for the District of Columbia, as well as the other jurisdictions covered by such notices. No appropriate state or federal official has entered an appearance or filed an objection to the entry of final approval of the Settlement. The Court approves the manner of notice evidenced by the Submission of Declaration Regarding Service of CAFA Notices filed in this case on April 29, 2015 (Doc. 49). Thus, the Court finds that all requirements of 28 U.S.C. § 1715 have been met and complied with and, as a consequence, no Class Member may refuse to

comply with or choose not to be bound by the Settlement and this Court's Orders in furtherance thereof, including this Final Approval Order, under the provisions of 28 U.S.C. § 1715.

12. The Action and the Petition and all claims included therein, as well as all Released Claims, which the Court finds were filed against Laredo and/or the Settling Parties in good faith by Class Representative and Class Counsel in accordance with Federal Rule of Civil Procedure 11, are dismissed with prejudice as to the Released Parties. All Class Members who have not validly and timely submitted a Request for Exclusion to the Settlement Administrator as directed in the Notice and Preliminary Approval Order, on behalf of themselves and their respective predecessors, successors, and assigns, are hereby deemed to have finally, fully, and forever released, relinquished, and discharged all of the Released Claims against the Released Parties and are barred and permanently enjoined from prosecuting, commencing, or continuing any of the Released Claims against the Released Parties. The Parties are to bear their own costs, except as otherwise provided in the Stipulation, this Final Approval Order, or the Court's other Orders. The Court orders that the Settling Parties shall be allowed to recoup out-of-pocket costs incurred for Administration, Notice and Distribution pursuant to paragraph 1.1 of the Stipulation out of residual or unclaimed funds that remain unclaimed in the Escrow Account one year after this Final Approval Order becomes final and reasonable attempts to locate and pay Class Members have been exhausted upon further order of the Court. In accordance with the Court's separate Order pertaining to attorneys' fees and Litigation Expenses, Class Counsel shall be reimbursed from the Settlement Cash

Amount for all reasonable future costs related to administration, distribution, litigation, and appeal, in addition to the Litigation Expenses Class Counsel has already incurred in litigating this Action, not to exceed $350,000.

13.     The Court orders that certain documents designated as confidential by any party pursuant to the Agreed Protective Order in the Litigation (Docket No. 22) shall be returned to the producing party in accordance with the Protective Order and the terms of the Settlement Agreement.

14.     The Court also approves the efforts of Settlement Administrator, Rust Consulting, Inc., and Escrow Agent, Wells Fargo Bank, National Association, and directs them to continue to assist the Parties in completing the administration and distribution of the Settlement in accordance with the Stipulation, this Final Approval Order, and the Court's other Orders.

15.     Notwithstanding the foregoing paragraphs, nothing in this Final Approval Order shall bar any action or claim by any of the Parties to enforce or effectuate the terms of the Stipulation or this Final Approval Order.

16.     This Final Approval Order and the Stipulation—including any provisions contained in or exhibits attached to the Stipulation; any negotiations, statements, or proceedings in connection therewith; or any action undertaken pursuant thereto—shall not be admissible in any action or proceeding for any reason, other than an action to enforce the terms of this Final Approval Order or the Stipulation or to defend or bring an action based on the Release provided herein, and are not and shall not be deemed, described, or construed to be or offered or received as evidence of a presumption, concession,

declaration, or admission by any person or entity of the truth of any fact alleged in the Action; the validity or invalidity of any claim or defense that was, could have been, or might be asserted; the amount of damages, if any, that would have been recoverable in the Action; or any liability, negligence, fault, or wrongdoing of any person or entity.

17.     As separately set forth in detail in the Court's Plan of Allocation order—which is hereby incorporated as if set forth fully herein—the proposed plan of allocation and distribution of the Net Settlement Fund among Class Members is approved as fair, reasonable and adequate, and Class Counsel and the Settlement Administrator, with the cooperation and assistance of the Settling Parties, are directed to administer the Settlement in accordance with the Plan of Allocation Order.

18.     The Court finds that the Parties and their counsel have complied with the requirements of Federal Rule of Civil Procedure 11 as to all proceedings and filings in this Action.   The Court further finds that Class Representative and Class Counsel adequately represented the Class in entering into and implementing the Settlement.

19.     No Class Member shall have any claim against Class Counsel, Laredo's counsel, the Settling Parties' counsel, the Released Parties, the Settlement Administrator, the Escrow Agent, or any of their respective designees or agents based on the distributions made substantially in accordance with the Stipulation, the Court's Plan of Allocation and Distribution Order, or other Orders of the Court.

20.     Except as may otherwise be set forth in the Stipulation, this Final Approval Order, or other Order of the Court, neither Class Counsel, Class Representative, the Released Parties, , Laredo's Counsel, nor the Settling Parties' counsel shall have, as the

case may be, any responsibility for, interest in, or liability with respect to: (i) the design, administration, or implementation of the Plan of Allocation and Distribution and the distribution of the Net Settlement Amount among members of the Class; (ii) the determination, collection or administration of taxes; (iii) any act, omission, or determination of Class Counsel, the Escrow Agent, Laredo, Laredo's counsel, the Settling Parties, the Settling Parties' counsel, or the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (iv) the management, investment, or distribution of the Gross Settlement Fund or Net Settlement Fund; (v) the determination, administration, calculation, or distribution of the Gross Settlement Fund or Net Settlement Fund; (vi) the administration of the Escrow Account; (vii) any losses suffered by, or fluctuations in the value of, the Escrow Account, the Gross Settlement Fund, or the Net Settlement Fund; (viii) the payment or withholding of any taxes, expenses, or costs incurred in connection with the taxation of the Gross Settlement Fund or the Net Settlement Fund or the filing of any tax returns; or (ix) any expenses, costs, or losses incurred in connection with any of the above, except for those expenses and costs expressly provided for in the Stipulation.

21. No Class Member shall have any claim against Class Counsel, Class Representative, the Released Parties, Laredo's Counsel, or the Settling Parties' Counsel with respect to the items listed in the above paragraph.

22. Any order approving or modifying the Plan of Allocation, the application by Class Counsel for an award of attorneys' fees or reimbursement of Litigation Expenses, or any request of Class Representative for a Case Contribution Award or

reimbursement of reasonable costs and expenses shall not disturb or affect the Finality of this Final Approval Order, the Stipulation, or the Settlement contained therein.

23.     Without affecting the Finality of this Final Approval Order in any way, the Court reserves exclusive and continuing jurisdiction over the Action, Class Representative, the Class Members, Laredo, the Settling Parties, and any other Released Parties for the purposes of: (i) supervising and/or determining the fairness and reasonableness of the implementation, enforcement, construction, and interpretation of the Stipulation, the Plan of Allocation and Distribution, and this Final Approval Order; (ii) hearing and determining any application by Class Counsel for an award of attorneys' fees, costs, and Litigation Expenses and/or Case Contribution Award for Class Representative, if such determinations were not made at the Final Fairness Hearing; (iii) supervising the distribution of the Net Settlement Fund; (iv) resolving any dispute regarding a party's right to terminate the Settlement pursuant to the Stipulation; (v) enforcing the terms of the Stipulation, including the entry of injunctive or other relief to enforce, implement, administer, construe and interpret the Stipulation; and (vi) exercising jurisdiction over any challenge to the Stipulation on any basis whatsoever.

24.     In the event the Settlement is terminated as the result of a successful appeal of this Final Approval Order or does not become Final in accordance with the terms of the Stipulation for any reason whatsoever, then this Judgment shall be rendered null and void and shall be vacated to the extent provided by and in accordance with the Stipulation. The provisions of the Settlement Agreement relating to termination of the Settlement Agreement shall be complied with, including the repayment by Class Counsel of any

attorneys' fees, costs and other litigation expenses that are awarded by the Court, and, in such an event, all orders entered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

25.     In the event that Class Representative or the Settling Parties institute any legal action against the other to enforce any provision of the Stipulation or this Final Approval Order or to declare rights or obligations thereunder, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs incurred in connection with any such action.

26.     This Action and the Released Claims asserted in this Action are hereby DISMISSED WITH PREJUDICE to the refiling of the same or any portion thereof by or against the Released Parties.  The Court retains jurisdiction to administer the Settlement distribution process as contemplated herein and to issue additional orders pertaining to, *inter alia*, Class Counsel's request for attorneys' fees and reimbursement of reasonable Litigation Expenses and Class Representative's request for a Case Contribution Award. Notwithstanding the Court's jurisdiction to issue additional Orders in this Action, this Final Approval Order fully disposes of all claims and parties and is, therefore, a final appealable Judgment.

27.     Pursuant to Federal Rule of Civil Procedure 54, the Court expressly finds and determines that there is no reason for delay in the entry of this Final Approval Order as a final order and final judgment, and the Court further hereby expressly directs the Clerk of the Court to file this Final Approval Order as a final order and final judgment in this Action.

IT IS SO ORDERED this 13th day of May, 2015.


TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE



**APPROVED AS TO FORM**

CLASS COUNSEL:

 /s/ *Robert N. Barnes*
Robert N. Barnes, OBA No. 537
rbarnes@barneslewis.com
Patranell Britten Lewis, OBA No. 12279
plewis@barneslewis.com
BARNES & LEWIS, LLP
720 N.W. 50th Street
Suite 200B
Oklahoma City, Oklahoma 73118
(405) 843-0363 telephone
(405) 843-0790 facsimile

Bradley E. Beckworth, OBA No. 19982
bbeckworth@nixlawfirm.com
Jeffrey Angelovich, OBA No. 19981
jangelovich@npraustin.com
Susan Whatley, OBA No. 30960
susanwhatley@nixlawfirm.com
Lisa Baldwin
lbaldwin@npraustin.com
NIX, PATTERSON & ROACH, LLP
205 Linda Drive
Daingerfield, TX 75638
(903) 645-7333 telephone
(903) 645-4415 facsimile